# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| A.L.M. HOLDING COMPANY AND ERGON ASPHALT & EMULSIONS, INC., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> ZYDEX INDUSTRIES PRIVATE LIMITED AND ZYDEX INC., <br><br> Defendants/Counterclaim-Plaintiffs. | Case No. 1:24-cv-00363-JPM <br> JURY DEMAND |

## SCHEDULING ORDER

This is an action under United States patent law, 35 U.S.C. §§ 100 *et seq*. Plaintiffs A.L.M. Holding Company ("A.L.M") and Ergon Asphalt & Emulsions, Inc. ("Ergon") (collectively "Plaintiffs") allege that Defendants' Zydex Industries Private Limited, and Zydex Inc. (collectively "Zydex") have infringed and continue to infringe at least one claim of U.S. Patent No. 7,815,725 B2 ("the '725 Patent"), U.S. Patent No. 7,981,466 B2 ("the '466 Patent"), U.S. Patent No. 9,394,652 B2 ("the '652 Patent"), U.S. Patent No. 10,214,646 ("the '646 Patent"), U.S. Patent No. 8,734,581 B2 ("the '581 Patent"), and U.S. Patent No. 9,175,446 B2 ("the '446 Patent") (collectively "Asserted Patents"). (ECF No. 1 at ¶ 9.) Defendants' First Amended Answer, filed May 28, 2024, includes a counterclaims for declaratory judgment of noninfringement and invalidity of each Asserted Patent. (ECF No. 30 at PageID 647-652.)

This Cause was before the Court on May 30, 2024, for a Telephonic Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management). Jeffer Ali, John Phillips, Jr., and Stephen Howe appeared for Plaintiffs. Edward Tulin, David Ellis Moore, and Andrew Gish appeared for Defendants.

Defendants point out that there are a total of 167 claims among the Asserted Patents. (ECF No. 28 at PageID 599.) Plaintiffs stated that it anticipates the asserted claims will be a much smaller number. The number of asserted claims will be established as the case develops.

Plaintiffs initially requested an additional 13 written interrogatories beyond the 25 permitted under Fed. R. Civ. P. 33(a)(1) so they may ask for the factual basis for 13 of Defendants' affirmative defenses. (ECF No. 28 at PageID 602-3.) Plaintiffs stated at the conference that Defendants' First Amended Answer reduced the number of such defenses to eight. (ECF No. 30 at PageID 639-44.) The Court grants Plaintiffs and Defendants an additional five interrogatories each, for a total of 30 per side.

1

Plaintiffs also request 100 hours of deposition per side due to the number of patents-in-suit. (Id. at PageID 602-3.) Defendants respond that the Court should instead preserve the limit of 10 depositions lasting no more than 7 hours each, as per Fed. R. Civ. P. 30, and that parties may request additional depositions as needed. (Id. at PageID 603.) The Court agrees.

Defendants asserted that because Plaintiffs' license of the Asserted Patents to Ingevity Corporation ("Ingevity") constitutes an assignment, Plaintiffs do not have standing to bring this action. The Court orders that any motion re: standing must be brought no later than June 20, 2024.

The parties have agreed to engage in a settlement conference before the Honorable Mark R. Colombell of the Eastern District of Virginia, currently set for August 23, 2024. (Id. at PageID 594.) Defendants request that the Court refrain from issuing a scheduling order until after this mediation. (Id.) The request is denied. Within 7 days of completion of the mediation (that is, by August 30, 2024), the parties shall file a notice confirming that the mediation was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the mediation. A status conference in the instant case will then be held on September 16, 2024 at 9:30 A.M. (CT) / 10:30 A.M. (ET).

At the Telephonic Scheduling Conference, the following dates were established as the final deadlines for:

| W.D. Tenn. Patent Rule | Item | Deadline |
|---|---|---|
| LPR 2.1(d) | **Patent Scheduling Conference (PSC)** | May 30, 2024 |
| LPR 3.1-3.2 | **Initial Infringement Contentions** | May 28, 2024 |
| | **Responsive Pleading** | Already Filed |
| | **Parties Submit Proposed Protective Order and E-Discovery Order** | June 13, 2024 |
| FRCP 26(a)(1); LR, App'x H | **Initial Disclosures** | Phase 1: June 14, 2024<br>Phase 2: July 29, 2024 |
| FRCP 12(b)(6) | **Motion Re: Standing** | June 20, 2024 |
| LPR 3.3-3.4 | **Initial Non-infringement Contentions** | June 25, 2024 |
| FRCP 12(b)(6) | **Opposition to Zydex's Motion Re: Standing** | July 5, 2024 |
| FRCP 12(b)(6) | **Reply in Support of Zydex's Motion Re: Standing** | July 12, 2024 |

| LR, App'x H | **Motion to Join Parties** | August 5, 2024 |
|---|---|---|
| LPR 4.1(a) | **Preliminary Identification of Claim Terms to be Construed** | August 9, 2024 |
| | **Deadline to Complete (i.e., respond to) Written Discovery** | August 14, 2024 |
| | **Mediation** | August 23, 2024 |
| | **Mediation Report** | August 30, 2024 |
| | **Status Conference** | September 16, 2024 |
| LR, App'x H | **Motions to Amend Pleadings** | September 2, 2024 |
| LPR 4.8 | **Production of Written Advice of Counsel** | September 2, 2024 |
| LPR 3.5-3.6 | **Initial Invalidity and Unenforceability Contentions** | September 9, 2024 |
| LPR 4.1(c) | **Final Identification of Claim Terms to be Construed** | September 16, 2024 |
| LPR 3.7 | **Initial Validity and Enforceability Contentions** | September 30, 2024 |
| LPR 4.2(a)-(b) | **Preliminary Claim Constructions and Supporting Material** | September 30, 2024 |
| LPR 4.3(a) | **Initial Expert Claim Construction Reports** | October 14, 2024 |
| LPR 4.3(b) | **Rebuttal Expert Claim Construction Reports** | October 28, 2024 |
| LPR 4.3(c) | **Completion of Expert Discovery** | November 11, 2024 |
| LPR 4.2(c) | **Final Claim Construction** | November 18, 2024 |
| LPR 4.4(a) | **Opening Claim Construction Briefs** | December 2, 2024 |
| | **Deadline to Complete Fact Depositions (subject to Claim Construction Order)** | December 2, 2024 |
| LPR 4.4(b) | **Responsive Claim Construction Briefs** | December 20, 2024 |
| LPR 4.5 | **Joint Claim Construction and Prehearing Statement** | January 3, 2025 |
| LPR 4.6 | **Claim Construction Hearing (CCR) (Video)** | January 19, 2025 |

3

Additional deadlines will be set following issuance of the Court's Claim Construction Order ("CCCO"). The parties agree that all such deadlines should be contingent on the date of the Order, as follows:

| W.D. Tenn. Patent Rule | Item | Proposed Date |
|---|---|---|
| LPR 3.8(a) | **Final Infringement Contentions** | 14 days after CCCO |
| LPR 3.8(b) | **Final Non-Infringement Contentions, Final Invalidity and Unenforceability Contentions** | 14 days after CCCO |
| LPR 4.7 | **Status Conference** | 30 days after CCCO |
| LPR 4.7 | **Close of Final Fact Discovery** | 30 days after CCCO |
| LPR 3.8(c) | **Final Validity and Enforceability Contentions** | 45 days after CCCO |
| LPR 5.1(b); FRCP 26(a)(2) | **Burden Expert Reports** | 60 days after CCCO |
| LPR 5.1(c); FRCP 26(a)(2) | **Responsive Expert Reports** | 30 days after service of Burden Expert Reports |
| LPR 5.2 | **Deadline to Complete Expert Depositions** | 40 days after service of Responsive Expert Reports |
|  | **Rule 26(e)(2) Supplementations** | 14 days after deadline to complete expert depositions |
|  | **FRE 702 / Daubert Motions** | 28 days after deadline to complete expert depositions |
| LPR 6.1 | **Dispositive Motion Deadline** | 28 days after deadline to complete expert depositions |
| LPR 6.2 | **Trial** | 120 days after the deadline for filing dispositive motions |

**OTHER RELEVANT MATTERS**:

The parties have consented, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's Electronic Case Filing system.

As required by W.D. Tenn. Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery"). As discussed above, they will submit a proposed e-discovery plan by June 13, 2024.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Prior to filing any Daubert motion or motion to compel discovery, the parties must first move for a telephonic conference with the Court to discuss, outline, and narrow the Daubert- and/or discovery-related issues before filing formal motions. When moving for such a conference, the parties must set out any relevant deadlines and provide at least two mutually agreed on dates and times the telephonic conference may take place.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. **Plaintiffs' Position:** At this time, Plaintiffs anticipate that the trial will last approximately 5 days. **Defendants' Position:** At this time, Zydex anticipates that the trial will last approximately 8 days.

Pursuant to W.D. Tenn. Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to W.D. Tenn. Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to W.D. Tenn. Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by W.D. Tenn. Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a

memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to W.D. Tenn. Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

The parties agree that unless expressly agreed otherwise by counsel in writing or by order of the Court, the filing/service deadlines remain 5 pm ET as indicated in the Delaware local rules.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 31st day of May, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE